UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN LAPOLICE, | |
| Plaintiff, | |
| v. | 23 Civ. 7091 (DEH) |
| FAM, LLC, | **ORDER** |
| Defendant. | |

DALE E. HO, United States District Judge:

On March 25, 2024, Plaintiff filed a letter-motion to quash a third-party subpoena served on Plaintiff's current employer, Resource Management Group, and to compel depositions. *See* ECF No. 26. The subpoena seeks, among other requests for productions, "documents that relate to or reflect LaPolice's hiring at Resource Management Group." *See id.*; Subpoena 6, ECF No. 26-1. Plaintiff argues that the subpoena is improper and overbroad because the subpoena "seeks documents related to the job posting, qualifications and schedule for her position, none of which relate to mitigation." *Id.* at 3. Defendant argues that the subpoena is crafted narrowly to seek documents needed to show whether Plaintiff has mitigated her damages and whether her current employment is "merely a construct of litigation." *See* ECF No. 28.

Motions "to quash a subpoena are . . . entrusted to the sound discretion of the district court." *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (per curiam). Third-party subpoenas pursuant to Rule 45 are "subject to Rule 26(b)(1)'s overriding relevance requirement."[1] *In re Refco Secs. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. Feb. 14, 2011). Rule 26(b)(1) states that

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

"Courts within the Second Circuit have recognized that drawing a present employer into a dispute involving a plaintiff's prior employer can have negative effects on the plaintiff's employment. For this reason, they typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff." *Abdelsayed v. New York Univ.*, No. 17 Civ. 9606, 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019); *accord Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010) ("[C]ourts within the Second Circuit have recognized that [b]ecause of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort."). Here, the third-party subpoena is premature. Plaintiff is available to answer questions as to her current employment under oath. At this stage, a deposition appears sufficient to meet Defendant's need for relevant information and would not carry the risk associated with subpoenaing Plaintiff's current employer. Thus, it is a "less burdensome" form of discovery that will not deprive Defendant of information relevant to its defenses. It is therefore **ORDERED** that Plaintiff's motion to quash is **GRANTED.** If, at a later time, the record demonstrates that third-party discovery is warranted, Defendant may file a motion seeking leave for such discovery.

Plaintiff's motion to compel depositions is **DENIED** as premature. Defendant represents that the parties have not yet met-and-conferred on this issue, and that Defendant seeks to resolve written discovery disputes before taking depositions. ECF No. 28. It is therefore further **ORDERED** that the parties meet and confer in good faith regarding the outstanding discovery requests and scheduling of depositions. The parties may file a joint letter requesting an extension to discovery deadlines to facilitate the resolution of these issues. If the meet-and-confer process

does not resolve the dispute, parties may file a joint status letter detailing the specific discovery issues that remain unresolved by **April 8, 2024**.

The Clerk of Court is respectfully requested to close ECF No. 26.

SO ORDERED.

Dated: April 2, 2024
       New York, New York

_____
DALE E. HO
United States District Judge
